IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBORAH J. SPAULDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-344-D |
| | ) | |
| CAROLYN W. COLVIN,[1] Acting | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 17]

issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B), in

this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g).  Judge Purcell

recommends affirmance of the Commissioner's decision to deny Plaintiff's application for disability

insurance benefits.  Plaintiff has filed a timely objection.  Thus, the Court must make a *de novo*

determination of the issues specifically raised by Plaintiff's objection, and may accept, modify or

reject the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff makes no objection to Judge Purcell's summary of the procedural history of the

case, the findings and conclusions of the administrative law judge (ALJ), or the arguments presented

in this appeal.  Thus, the Court adopts these portions of Judge Purcell's Report without further

review as though fully set forth herein.[2]  Plaintiff objects only to:  1) Judge Purcell's alleged failure

---

[1]  Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of the Social Security
Commission, is automatically substituted for the former commissioner, Michael J. Astrue.

[2]  The court of appeals has adopted a firm waiver rule, which requires that "a party's objections to
the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for
de novo review by the district court."  *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th
Cir. 1996).

with respect to phase two of step four of the sequential analysis,[3] to address whether the ALJ made

sufficient findings regarding the physical and mental demands of Plaintiff's past relevant work; and

2) Judge Purcell's reliance on *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003), to conclude

that the ALJ sufficiently stated his findings regarding phase three of step four by reference to the

testimony of the vocational expert (VE).  Review of all other issues is waived.  *See Moore v. United*

*States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d

1057, 1060 (10th Cir. 1996).

Briefly stated, the ALJ found that Plaintiff had severe impairments of obesity, chronic

obstructive pulmonary disease, asthma, obstructive sleep apnea, degenerative disc disease of the

cervical spine, and depression.  At step three, the ALJ determined these impairments were not *per*

*se* disabling under the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P., app. 1, and he made

findings regarding the severity of Plaintiff's mental impairment.  The ALJ determined at step four

that Plaintiff had the residual functional capacity (RFC) for light work with the following

limitations:  "occasional climbing of stairs, bend or stoop, kneel, crouch, and crawl;" no "climbing

ropes, ladders, and scaffolds;" "occasional exposure to heat, cold, dust, fumes, and gases;" "simple

tasks and some complex work;" and "superficial contact with co-workers, supervisors, and the

general public" (AR 16).  Relying on the VE's testimony identifying Plaintiff's past jobs as "case

aide" and "teacher's aide" and stating the classifications assigned by the United States Department

of Labor's *Dictionary of Occupational Titles* (AR 57), the ALJ stated findings regarding the

---

[3] "Step four of the sequential analysis . . . is comprised of three phases.  In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work.  In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.  At each of these phases, the ALJ must make specific findings."  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (citations omitted); *see Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

demands of Plaintiff's past relevant work ("light exertion level, semiskilled, SVP 3"), and found that

Plaintiff's past work did not require the performance of work-related activities precluded by her

RFC (AR 21).

As relevant to Plaintiff's objection, Judge Purcell concludes the ALJ properly relied on the

VE's testimony at a second administrative hearing in October, 2011, to find that Plaintiff's past jobs

were "case aide" and "teacher's aide" as described in *Dictionary of Occupational Titles*, and that

both are classified as light, semiskilled work with a specific vocational preparation (SVP) of 3.

Judge Purcell further concludes the ALJ sufficiently stated his step four findings by summarizing

the VE's testimony, comparing the physical and mental demands of Plaintiff's past jobs with her

RFC assessment, and finding Plaintiff's past relevant work was not precluded by her RFC.  As noted

above, Judge Purcell relies on Tenth Circuit precedent in *Doyal* to support his finding that the ALJ's

explanation is sufficient.

In her objection, Plaintiff first asserts that, even if her past relevant work was properly

identified as case aide and teacher's aide, "the ALJ failed to provide any DOT listing identification

and/or descriptions" for these jobs and failed to identify the physical and mental demands of

Plaintiff's past relevant work, thus necessarily undermining any comparison of this work to

Plaintiff's RFC assessment.  *See* Pl.'s Objection [Doc. No. 18] at 3-4 (footnote omitted).  Upon *de

novo* consideration of Plaintiff's argument, the Court finds no reversible error in the ALJ's step four

analysis.  Although the ALJ did not cite particular provisions of the *Dictionary of Occupational

Titles*, the ALJ included in his findings the vocational descriptions of two positions identified by the

VE – case aide and teacher's aide – and adopted the VE's testimony concerning these positions.  The

ALJ had expressly directed the VE to testify utilizing information "contained in the *Dictionary of

Occupational Titles* or it's companion title, *The Selected Characteristics of Occupations*" (AR 58),

and in his decision, the ALJ indicated his reliance on this information (AR 21).  Finally, the ALJ

obtained vocational testimony through hypothetical questions posed to the VE that the identified

jobs were consistent with Plaintiff's physical and mental limitations, including work "limited to

simple and some complex tasks, with superficial contact with co-workers and supervisors and the

public" (AR 58-59).  In short, the Court agrees with Judge Purcell that the ALJ's decision reflects

a proper analysis under step four.

Plaintiff's objection to this conclusion hinges on an effort to distinguish her case from *Doyal*,

in which a claimant unsuccessfully challenged the sufficiency of an ALJ's step four findings that

simply summarized the VE's testimony concerning the claimant's past relevant work and adopted

the VE's opinion that the claimant's RFC did not preclude this work.  The Tenth Circuit concluded

the ALJ's findings were adequate because "[t]he ALJ did not delegate the [step four] analysis to the

vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings

at phases two and three of the analysis." *See Doyal*, 331 F.3d at 761.

Plaintiff points to a more recent Tenth Circuit opinion in which another panel reached a

different conclusion regarding the sufficiency of an ALJ's findings.  In *Sissom v. Colvin*, No. 12-

6131, 2013 WL 765302 (10th Cir. March 1, 2013) (unpublished), the court of appeals reversed and

remanded a decision affirming the Commissioner's denial of benefits, in part, due to inadequate

findings at step four.  Notably, the opinion in *Sissom* was issued after Judge Purcell filed his Report,

and is argued for the first time in Plaintiff's objection.

Upon consideration of Plaintiff's argument, the Court does not disagree that the ALJ's

findings and the administrative record in this case appear similar to those described in *Sissom*.  On

the other hand, they also are similar to those in *Doyal*.  As a lower court facing divergent appellate

opinions, the Court's choice is clear.  Unpublished opinions like *Sissom* "are not precedential." *See*

10th Cir. R. 32.1(A); *see also United States v. Story*, 635 F.3d 1241, 1248 (10th Cir. 2011) (unpublished Tenth Circuit opinions are not binding on court of appeals or district courts). However, a published opinion like *Doyal* constitutes binding precedent. *See Tootle v. USDB Commandant*, 390 F.3d 1280, 1283 (10th Cir. 2004) (describing precedential effect of published panel opinion). In addition, the Court notes that published Tenth Circuit opinions in which the court has found deficient findings at step four, are distinguishable. In *Bowman*, for example, the ALJ failed to address the impact of a particular limitation included in the claimant's RFC on the demands of past relevant work. *See Bowman*, 511 F.3d at 1272-73; *see also Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007) ("even though the ALJ found [the claimant's] bipolar disorder to be a severe impairment, . . . there was no VE testimony, and no evidence of any kind, to establish the mental demands of [the claimant's] past relevant work"). Here, Plaintiff does not allege a similar error. Accordingly, the Court follows precedent, and concludes the ALJ's findings are sufficient.

For these reasons, the Court concurs in Judge Purcell's findings and recommendation. The Court finds no reversible error in the ALJ's decision, as argued in Plaintiff's objection.

IT IS THEREFORE ORDERED that Judge Purcell's Report and Recommendation [Doc. No. 17] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 10th day of May, 2013.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE